USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/05/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| CHAKRADHAR YARLAGADDA, *individually and as assignee of ProTak Ltd*,<br><br>Plaintiff,<br><br>-v-<br><br>NICHOLAS VU, et al.,<br><br>Defendants. | : | 26-cv-3697 (LJL)<br><br>MEMORANDUM AND ORDER |

LEWIS J. LIMAN, United States District Judge:

Plaintiff Chakradhar Yarlagadda ("Plaintiff") moves, pursuant to Federal Rule of Civil Procedure 55(b)(2) and Local Civil Rule 55.2, for an order granting it default judgment against defendants Nicholas Vu (a/k/a Nic Vu) ("Vu"), Bruce Teunon ("Teunon"), and BMV Capital LLC ("BMV Capital"). Dkt. No. 21. Teunon moves, pursuant to Federal Rule of Civil Procedure 55(c), to vacate or set aside the Clerk's certificate of default entered against him on July 31, 2026. Dkt. No. 27. The Court held a hearing on the motions today, October 5, 2026.

Plaintiff, who is self-represented, filed this complaint on May 4, 2026. Dkt. No. 1. He brings claims for breach of contract, account stated, quantum meruit, and promissory estoppel in connection with a shipment of 6,000 boxes of nitrile gloves for healthcare-related use that the company of which Plaintiff is assignee shipped to BMV in or about July 2020. *Id.* ¶¶ 4–6, 10. Plaintiff also alleges that Defendants are liable in unjust enrichment for the value of those gloves as well as for $192,344.46 that Plaintiff wire-transferred to Defendants in August 2020 based on Defendants' false representation that they had the U.S. distribution rights to N95 masks and would ship 70,000 masks that they never received. *Id.* ¶¶ 54–55, 87–95. Plaintiff also brings

claims for fraudulent inducement and aiding and abetting fraud. *Id.* ¶¶ 48–62.

Plaintiff filed a proof of service for Teunon in which its process server attested that he made service on Teunon on July 6, 2026, by leaving the summons with a John Doe at 1927 NE Rodney Ave., Portland, Oregon (the "Rodney Avenue address"). Dkt. No. 10. Plaintiff attached to the proof of service a document purporting to reflect that Teunon was the owner of the building at the Rodney Avenue address. Dkt. No. 10 at 2.[1] On July 31, 2026, the Clerk issued a certificate of default as to Teunon. Dkt. No. 19. Plaintiff made this motion for a default judgment on August 4, 2026. Dkt. No. 21. Teunon made the motion to vacate or set aside the entry of default on September 4, 2026. Dkt. No. 27.

Federal Rule of Civil Procedure 55(c) provides that a court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). In determining whether good cause is present, the Court must consider (1) whether the default was willful; (2) whether a meritorious defense is presented; and (3) whether setting aside the default would prejudice the non-moving party. *See State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 166–67 (2d Cir. 2004) (citing *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998)); *see also Enron Oil Corp v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993) (noting that "the factors examined in deciding whether to set aside a default or a default judgment are the same"). Courts apply a "less rigorous standard" when a motion to vacate concerns an entry of default pursuant to Rule 55(a), rather than a final default judgment. *Am. All. Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 59 (2d Cir. 1996); *see also* Fed. R. Civ. P. 55(c). "The Second Circuit has made clear its 'preference for resolving disputes on the merits.'" *W. Coast Servicing, Inc. v. Rogers*, 2022 WL 22998462, at *1 (S.D.N.Y. Nov. 23, 2022) (quoting *Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir.

[1] Citations to this docket entry use ECF pagination.

2001)).

Teunion has presented evidence of a meritorious defense. He has sworn that the Rodney Avenue address is only a rental property and has never been his dwelling or usual place of abode Dkt. No. 29 ¶ 9. He has also sworn that he is not an owner of BMV Capital and that his only involvement in the transactions alleged in the complaint consisted of coordinating the movement of one shipment of goods in his role as a logistics and transportation professional. *Id.* ¶¶ 3, 6–7. Plaintiff disputes Teunon's version of events. Dkt. No. 36 at 2–3.[2] He claims that Teunon had greater involvement in the underlying transaction. The Court need not find that Teunon has established his defenses conclusively to conclude that the entry of default should be vacated. *See Hong v. Mommy's Jamaican Mkt. Corp.*, 2021 WL 6064101, at *3 (S.D.N.Y. Dec. 22, 2021). It is sufficient that Teunon present evidence of facts that if proven at trial would constitute a complete defense. *Id.* The facts presented by Teunon, if accepted, would provide a basis for a motion for insufficient service of process as well as a defense on the merits.

There is no evidence that Teunion acted willfully in not responding to the complaint. "The willfulness element addresses 'those defaults that arise from egregious or deliberate conduct.'" *Id.* at *2 (quoting *Am. All. Ins. Co., Ltd.*, 92 F.3d at 61); *see also Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 186 (2d Cir. 2015) (holding that "willfulness" refers to "conduct that is more than merely negligent or careless, but is instead egregious and . . . not satisfactorily explained"). On Plaintiff's own account, Teunon consulted with counsel and acted carefully before responding to the complaint only a few weeks after a response was due and when he had a potentially meritorious motion to dismiss for insufficient service of process.

[2] Citations to this docket entry use ECF pagination.

Finally, there is a complete absence of prejudice. "[D]elay alone is not a sufficient basis for establishing prejudice." *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983). Accordingly, the motion to vacate the Clerk's certificate of default as to Teunon is granted and the Clerk shall set aside the entry of default at Dkt. No. 19. Because the Court has reviewed and considered Plaintiff's sur-reply, the motion at Dkt. No. 36 to file that document is granted.

As a result, Plaintiff's motion for default judgment at Dkt. No. 21 is denied without prejudice to renewal after the case against Teunon is resolved on the merits. The Supreme Court has held that "when a defendant defaults in an action asserting joint liability, judgment should not be entered against the defaulting defendant until the matter has been resolved against the other defendants or else the defaulting defendant will have 'lost his standing in court.'" *RSM Prod. Corp. v. Fridman*, 643 F. Supp. 2d 382, 414 (S.D.N.Y. 2009) (quoting *Frow v. De La Vega*, 82 U.S. 552, 554 (1872)), *aff'd*, 387 F. App'x 72 (2d Cir. 2010) (summary order). That is because "a default judgment that creates an 'incongruity' with a judgment on the merits is 'unseemly and absurd, as well as unauthorized by law.'" *Henry v. Oluwole*, 108 F.4th 45, 54 (2d Cir. 2024) (quoting *Frow*, 82 U.S. at 554). The case between Plaintiff and Teunon thus must be resolved before the Court entertains a motion for a default judgment against Vu and BMV Capital. For that reason, the motion for a default judgment against Vu and BMV Capital is denied without prejudice to renewal by a new motion after the case between Plaintiff and Teunon is resolved.

As discussed at the hearing, counsel for Teunon has agreed to accept service of process without waiver of any personal jurisdiction defense. *See* Fed. R. Civ. P. 4(d)(5). Notwithstanding the time period under Rule 4(d)(5), Teunon shall respond to the complaint no later than October 22, 2026. Plaintiff and Teunon shall meet and confer regarding a case

management plan and file either a joint proposal or separate proposals by October 30, 2026

The Clerk of Court is respectfully requested to close the motions at Dkt. Nos. 19, 21, and 36.

SO ORDERED.

Dated: October 5, 2026
New York, New York

LEWIS J. LIMAN
United States District Judge